IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-27-BO

| | |
|---|---|
| MILTON SC MAYS, </br></br> Plaintiff, </br> v. </br></br> RAYNOR BUILDERS OF LOUISBURG and RICHARD RAYNOR, </br></br> Defendants. | **ORDER** |

This matter is before the Court *sua sponte* and on plaintiff's pending motions. [DE 16, 17]. *Pro se* plaintiff Milton Mays filed a complaint on January 8, 2014, alleging that he was discriminated against in violation of the Fair Housing Act and that defendants caused damage to his personal property. On March 3, 2014, this Court entered a scheduling order requiring the parties to conduct a Rule 26(f) meeting by April 2, 2014, and submit a discovery plan within fourteen days thereafter. Plaintiff requested and received an extension of time June 16, 2014, in order to retain counsel. On September 3, 2014, the Court denied plaintiff's second motion for extension of time, set a deadline of September 30, 2014, for the Rule 26(f) conference, and ordered that the discovery plan be filed within 14 days of the conference.

To date, no discovery plan has been filed by either plaintiff, who is proceeding *pro se*, or by defendants, who have retained counsel. In fact, no motions or pleadings have been filed in this case since September 2014. That month, plaintiff filed two *pro se* motions: one requesting a jury trial [DE 16] and the other requesting that the Court suspend the Section 8 Housing Representative in Louisburg, North Carolina [DE 17]. Plaintiff's request for a jury trial [DE 16] is DENIED as premature, given that the parties have not conducted the requisite Rule 26(f) conference or filed a discovery plan. Plaintiff's motion requesting suspension of the Section 8 Housing Representative is virtually incomprehensible. The Court is unclear as to what plaintiff requests, the basis for the request, and whether the Court even has the power to grant plaintiff's request. Accordingly, plaintiff's motion for suspension of the Section 8 Housing

Representative [DE 17] is DENIED. Plaintiff can file a new motion clarifying his request for relief should he desire to do so.

As the applicable deadlines have passed, the parties are directed to conduct a Rule 26(f) conference by May 5, 2015, and file a discovery plan within 14 days of the conference. For specific instructions regarding the Rule 26(f) conference, the Court refers parties to the original order for discovery plan dated March 3, 2014. [DE 11]. The Court will not entertain further requests for delays or extensions of time. Should the parties again fail to follow the Court's directives, they are put on notice that the Court will dismiss the case for lack of prosecution. *See Link v. Wabash R. R. Co.*, 370 U.S. 626, 630 (1962).

SO ORDERED, this the 6 day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE